UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANESSA CERVANTES,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | NO: 2:18-CV-3198-TOR<br><br>ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant United States of America's Motion for Summary Judgment (ECF No. 17). The Motion was submitted without a request for oral argument. Plaintiff Janessa Cervantes has not submitted a Response and the deadline for doing so has passed. Defendant filed a Reply on January 14, 2020. The Court has reviewed the file and submitted briefing and is fully informed. For the reasons discussed below, the Motion (ECF No. 17) is **granted**.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT ~ 1

Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id*. at 252.

### DISCUSSION

Plaintiff alleges she incurred an injury in a car accident caused by Ms. Mary Mach, an employee of the United States Postal Service. See ECF No. 17 at 1-2. In short, according to Plaintiff, Ms. Mach rear-ended the vehicle in front of her

(driven by Kimberly A. Karnes) and, as a result, Ms. Karne's vehicle then collided with Plaintiff's vehicle, causing damage to Plaintiff and her vehicle. See ECF No. 17 at 1-2. Plaintiff alleges Ms. Mach was working in her role as a postal delivery worker at the time of the accident and that the Defendant the United States of America is responsible as Ms. Mach's employer under the Federal Tort Claims Act. See ECF No. 17 at 1.

Defendant has moved for summary judgment and, among other things, contends that there is no evidence that Ms. Karne's vehicle made contact with Plaintiff's vehicle during the incident. In support, Defendant points to the deposition of Ms. Karnes, who testified that she did not believe she rear-ended Plaintiff and the declaration of Ms. Mach, who stated that she could not see or hear Ms. Karnes' vehicle impact with Plaintiff's. ECF No. 17 at 9. Plaintiff has not filed a Response to aver or present evidence to the contrary. Clearly, without evidence of a collision, Plaintiff has no claim as she has failed to prove three elements of her negligence cause of action. As such, the Court finds the Defendant has demonstrated it is entitled to summary judgment as a matter of law.

Plaintiff's failure to dispute the facts set forth by the United States allows the Court to consider these facts admitted. Fed. R. Civ. P. 56(e)(2); LCivR 56(e). In resolving this motion, the Court may consider other admissible materials in the record. Fed. R. Civ. P. 56(c)(3). The Court has considered the sworn Complaint,

ECF No. 1, but it also does not directly address or counter the issues raised by the United States.

The Court observes that Plaintiff has not responded to requests for admission, did not appear for her deposition, nor has she complied with the Court's Scheduling Order requiring Witness and Exhibit lists be filed by January 21, 2020. For all intents and purposes, Plaintiff appears to have abandoned her claim.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Defendant Unites States of America's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's claim is **dismissed with prejudice**.

The District Court Executive is hereby directed to enter this Order, enter judgment for Defendant, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

DATED January 28, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT ~ 4